**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**LA TERRENCE D. KELLEY,**

     *Plaintiff*,

v.              Civil Action No.: 2:23-cv-___

**ALEJANDRO N. MAYORKAS,**    *Formerly: La Terrence D. Kelley v.*
**Secretary, U.S. Department of**    *Alejandro N. Mayorkas, Secretary, U.S.*
**Homeland Security,**       *Department of Homeland Security,*
               *CL23-5417 (City of Chesapeake Circuit*
       *Defendant.*     *Court)*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1442(a)(1), Defendant, Alejandro N. Mayorkas, Secretary, U.S. Department of Homeland Security, hereby removes this action from the Circuit Court for the City of Chesapeake to this Court. The grounds for removal are as follows:

l.   On August 25, 2023, Plaintiff, La Terrence D. Kelley, filed suit against Defendant in the action captioned *La Terrence D. Kelley v. Alejandro N. Mayorkas*, Case No. CL23-5417, in the Circuit Court for the City of Chesapeake. *See* Defendant's Exhibit ("DEX") A.

2.   In his lawsuit, Plaintiff seeks default judgment against Defendant and the U.S. Department of Homeland Security (the "Department") pursuant to Federal Rule of Civil Procedure 55 based on the alleged failure of Defendant and the Department "to respond to [Plaintiff's] petition for a redress of grievances as per the First Amendment rights guaranteed by the United States Constitution." *See* DEX A at 2. Plaintiff alleges that the petition seeks:

> resolution and accountability for the [Department's] failure to fulfill their fiduciary obligations to protect the American labor market, the American laborer, the American consumer, and taxpayers, in the failure of the [Department's] guarantee to access to fair treatment, opportunity, and advancement of all employee(s), free of retaliatory hostile working environments, and from employers who exploit the

various federal redress systems, and the financial strain, stress, injury and damage, of the aggrieved, in an effort to gain favorable decisions.

*Id*. Plaintiff seeks $25 million in damages. *Id*. at 1.

3.      The Circuit Court for the City of Chesapeake issued a summons to the U.S. Attorney's Office on August 31, 2023. *See* DEX B. On September 11, 2023, Plaintiff served the U.S. Attorney's Office with a copy of his lawsuit and the state court summons. *See id*. Accordingly, as of the date of filing this notice, thirty days have not yet expired since receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

4.      Pursuant to 28 U.S.C. § 1442(a)(1), a civil action that is commenced in state court may be removed to federal court where the action is against or directed to "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . ." 28 U.S.C. § 1442(a)(1).

5.      Removal under § 1442(a) "must be 'liberally construed.'" *Mayor & City Council of Baltimore v. B.P. P.L.C.*, 952 F.3d 452, 461 (4th Cir. 2020) (quoting *Watson v. Philip Morris Co.*, 551 U.S. 142, 150 (2007)), *vacated and remanded on other grounds*, *BP P.L.C. v. Mayor & City of Baltimore*, 141 S. Ct. 1532 (2021). As a result, "the ordinary presumption against removal does not apply." *Id*. (internal quotations omitted). Removal pursuant to § 1442(a) should be neither narrow nor limited. *Willingham v. Morgan,* 395 U.S. 402, 406 (1969). As directed by the U.S. Supreme Court, "the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Arizona v. Manypenny,* 451 U.S. 232, 242 (1981) (internal quotations omitted).

6.      Here, removal is proper pursuant to 28 U.S.C. § 1442(a)(1) because Defendant is a

2

federal officer, and Plaintiff seeks to sue Defendant for or relating to alleged acts under the color of federal office based on Defendant's official status as the Secretary of Homeland Security. Moreover, Defendant is entitled to a colorable federal defense on numerous grounds, including that: (i) the Court lacks subject matter jurisdiction over Plaintiff's case pursuant to the doctrine of derivative jurisdiction; and (ii) Plaintiff's case is barred by the doctrine of collateral estoppel. Defendant will assert these defenses in more specificity in a forthcoming motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

For all of the foregoing reasons, this action is hereby removed under 28 U.S.C. § 1442(a)(1).  A copy of this notice is being hand delivered and mailed via certified mail, return receipt requested, this day to the Clerk of the Circuit Court for the City of Chesapeake for filing.

Respectfully submitted,

ALEJANDRO N. MAYORKAS,
Secretary of Homeland Security,
Defendant

JESSICA D. ABER
UNITED STATES ATTORNEY

By:      /s/ *Daniel P. Shean*
Daniel P. Shean, Assistant U.S. Attorney
 Virginia State Bar No. 84432
Counsel for Defendant
Office of the United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510-1671
Telephone: (757) 441-6331
Facsimile: (757) 441-6689
Email:  daniel.shean@usdoj.gov

3

**CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing was served this 28th day of September, 2023, by electronic mail and by United States mail, first class postage paid, addressed to the following:

La Terrence D. Kelley
3428 Eight Star Way
Chesapeake, Virginia 23323
Email: laterrence.d.kelley@cox.net

By:     /s/ *Daniel P. Shean*
                Daniel P. Shean, Assistant U.S. Attorney
                 Virginia State Bar No. 84432
                Counsel for Defendant
                Office of the United States Attorney
                101 W. Main Street, Suite 8000
                Norfolk, Virginia 23510-1671
                Telephone: (757) 441-6331
                Facsimile: (757) 441-6689
                Email:  daniel.shean@usdoj.gov